UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WILLIAM J. LAWRENCE,

Defendant.

Nos. 06-CR-00036-JLQ
14-CV-191-JLQ

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; ORDER CLOSING FILES

BEFORE THE COURT, without oral argument, is Defendant William J. Lawrence's (Lawrence) Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 79). The Government was served with the Motion and ordered to respond. The Government responded on July 18, 2014 (ECF No. 81), to which Lawrence replied on August 15, 2014 (ECF No. 82).

Lawrence seeks a corrected sentence, arguing his 2006 Sentencing Guidelines should not have included the USSG § 4B1.1 career offender enhancement because his prior 1989 Montana burglary conviction should not have counted as a "violent felony" in light of the Supreme Court's ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013). Lawrence contends his Motion is timely under 28 § 2255(f)(3) because *Descamps* created a newly recognized right retroactively applicable to collateral review. For the reasons set forth below, the court denies Lawrence's Motion.

## I. BACKGROUND

In 1989, Lawrence pleaded guilty to violating Montana's burglary statute, Mont.

Code Ann. § 45-6-204(1). (ECF No. 7 at 7); (ECF No. 82 at 11). In 1998, Lawrence was convicted of bank robbery in federal court. (ECF No. 48); (ECF No. 70 at 15).

In August 2006, Lawrence pleaded guilty in the instant case to two counts of Credit Union Robbery, 18 U.S.C. § 2113(a), stemming from robberies of Horizon Credit Union on April 7 and March 7, 2006, in which he took $2,572 and $6,540, respectively. (ECF No. 10); (ECF No. 44). At sentencing, the Government argued that Lawrence should be considered a career offender because of his 1989 Montana burglary and 1998 federal court bank robbery convictions. Pursuant to USSG § 4B1.1, the elements of being a career offender are: (1) the defendant was at least eighteen years old at the time of the instant offense; (2) the instant offense was a crime of violence or controlled substance offense, and; (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. One of the definitions of a "crime of violence" is a felony burglary of a dwelling. USSG § 4B1.2.

This court determined that Lawrence was a career offender which raised his Guideline sentencing range to 155-188 months. (ECF No. 48 at 2). At sentencing, both parties agreed that the prior 1998 bank robbery qualified as a crime of violence, but Lawrence contended the 1989 Montana burglary did not, thus disqualifying him as a career offender. He argued that the Montana burglary was not a crime of violence because the home he allegedly burglarized was not occupied. Lawrence argued that without the career offender enhancement his guideline range should have been 70-87 months. (ECF No. 51 at 11-12). The statutory maximum penalty for bank robbery, violating 18 U.S.C. § 2113(a), is twenty years imprisonment, or 240 months. The court sentenced Lawrence to fourteen years imprisonment, or 168 months, and three years of supervised release.

On June 20, 2013, the Supreme Court decided *Descamps v. United States*, holding that sentencing courts may not consult the factual record of a prior "indivisible" conviction in determining whether that conviction counts as a "crime of violence" for sentencing enhancement when the statute the defendant was convicted of violating is

indivisible and broader than its generic counterpart. 133 S. Ct. 2276 (2013).

On June 16, 2014,Lawrence filed his Motion to Vacate, Set Aside, or Correct Sentence in the instant matter pursuant to 28 U.S.C. § 2255, arguing that *Descamps* created a newly recognized right retroactively applicable on collateral review that should remove his 2006 sentencing enhancement. (ECF No. 79).

## II. ANALYSIS

The first threshold issue is whether Lawrence's Motion is timely under 28 U.S.C. § 2255, which requires the defendant to advance a newly recognized right retroactively applicable on collateral review. If the Motion is timely, then the next step is determining whether it is cognizable, meaning the Motion can be granted only if the challenged sentence was unconstitutional or a complete miscarriage of justice. Finally, if the Motion is timely and cognizable, then the merits are considered: whether Lawrence's sentence should have included the enhancement in light of *Descamps*.

### A. Timeliness under 28 U.S.C. § 2255

28 U.S.C. § 2255(f)(3) states that: "A one year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, Lawrence contends that *Descamps* created a newly recognized right that limits the category of persons whom the law punishes as career offenders and that this new right is retroactively applicable on collateral review. (ECF No. 82 at 4-5). Because *Descamps* was decided on June 20, 2013, Lawrence's June 16, 2014 Motion would be timely, if the court were to rule he has otherwise satisfied § 2255(f)(3).

#### 1. Creation and application of formal and modified categorical approaches

A newly recognized right is created when the Supreme Court "breaks new ground or imposes a new obligation on the States or the Federal Government... To put

it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). Such "a holding is not so dictated... unless it would have been 'apparent to all reasonable jurists.'" *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-528 (1997)). "A case does *not* 'announce a new rule, [when] it [is] merely an application of the principle that governed' a prior decision to a different set of facts." *Chaidez*, 133 S. Ct., at 1107 (quoting *Teague*, 489 U.S., at 307) (emphasis in original) (internal quotations omitted).

The Armed Career Criminal Act (ACCA) "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony.'" *Descamps*, 133 S. Ct., at 2281 (quoting 18 U.S.C. § 924(e)). In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court held that in determining whether a defendant's prior conviction counts as a violent felony under the ACCA, sentencing courts may only look to the elements of the statute the defendant was convicted of violating. *Descamps*, 133 S. Ct., at 2283 (quoting *Taylor*, 495 U.S., at 600). If that statute is comprised of, or is more specific than, the elements comprising the "generic" offense (the offense as commonly understood), then that conviction will enhance the defendant's sentence under the ACCA. *Id*. (quoting *Taylor*, 495 U.S., at 599). By contrast, if the elements of the prior conviction are broader than those of the "generic" offense, then that conviction cannot be used for sentencing enhancement because of the possibility that the defendant was punished for conduct not included in the generic offense. This statutory analysis was termed the "formal categorical approach." *Id.* It should be noted that the *Taylor* categorical approach regarding what constitutes a "crime of violence" for ACCA purposes is the same analysis for interpreting the career offender provisions of the Sentencing Guidelines. *See United States v. Riley*, 183 F.3d 1155, 1158 (9th Cir. 1999).

In *Shepard v. United States*, 544 U.S. 13 (2005), the Court faced a situation that did not fit neatly within the formal categorical approach. There, the defendant pleaded guilty to burglary, which under Massachusetts law covered entry into "boats and cars" as well as buildings. *Id.* at 17. This presented a new problem because while a conviction for burglarizing a building satisfied the generic elements of burglary, allowing for sentencing enhancement, burglarizing boats and cars did not. *Descamps*, 133 S. Ct., at 2284. Therefore, "no one could know, just from looking at the statute, which version of the offense Shepard was convicted of," and thus whether or not the conviction qualified for an enhancement. *Id.* To rectify the situation, the Court implemented the "modified categorical approach" which permits the sentencing court to "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281. Because Massachusetts' burglary statute was "divisible" the sentencing court was permitted to examine the plea agreement and transcript of the colloquy between judge and defendant to determine if the defendant had pleaded guilty to entering a building or, alternatively, a car or boat. *Id.* at 2284. The Court stressed the narrow scope of the modified categorical approach: "It was not to determine 'what the defendant and state judge must have understood as the factual basis of the prior plea,' but only to assess whether the plea was to the version of the crime in the Massachusetts statute (burglary of a building) corresponding to the generic offense." *Id*. (quoting *Shepard*, 544 U.S., at 25-26).

In *Descamps*, the Court was presented with the question of whether a sentencing court may use the modified categorical approach when the defendant is convicted of violating an indivisible statute that is broader than the generic offense. *Id.* at 2281. There, the defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Id.* at 2282. At sentencing, the court applied an ACCA enhancement of 15 years based on his prior California burglary

conviction. *Id.* However, the California Penal Code defines burglary broader than the generic offense because it is does not require an unlawful entry. *Id*. (quoting Cal. Penal Code Ann. § 459 (West 2010)). Therefore, under the *Taylor* formal categorical approach, Descamps' burglary conviction could not be used as an ACCA enhancement. The *Descamps* sentencing court instead went beyond the *Shepard* modified categorical approach and examined the record to determine whether the factual basis of the conviction satisfied the elements of a generic burglary (i.e., whether he did in fact enter unlawfully). *Id.* Satisfied that Descamps factually committed a generic burglary, despite pleading guilty to a broader statutory definition of burglary, the court applied the ACCA enhancement. *Id.* at 2282. The Ninth Circuit affirmed. *Id.* at 2283. The Supreme Court reversed, holding that the sentencing court should not have applied the modified categorical approach because the California burglary was based on an indivisible statute. *Id.* at 2282. The Court clarified that the modified categorical approach is to be used only when the defendant's conviction is based on a divisible statute (i.e., if burglary is defined as unlawful entry into a building or in the alternative, into an automobile or boat) and one of the alternatives satisfies the generic offense. *Id*. at 2285. Even in those cases, the sentencing court may only examine the record to assess which of the alternative provisions of the statute the defendant was convicted of violating; the court may never independently examine the facts to assess possible ACCA enhancements. *Id.*

**2. Whether *Descamps* created a newly recognized right**

Lawrence claims that *Descamps* created a newly recognized right retroactively applicable on collateral review, thus permitting his Motion to proceed. (ECF No. 82 at 2). The Government counters that *Descamps* merely applied *Taylor* to a new set of facts, rendering the Motion untimely. (ECF No. 81 at 4).

While the issue of whether *Descamps* created a new right has not been addressed by the Ninth Circuit, district courts have uniformly dismissed that

argument. *United States v. Bell*, 2013 WL 6190281, at *3 (D. Mont. Nov. 26, 2013) ("It is impossible to avoid the conclusion that the rule of *Descamps* was dictated by precedent..."); *United States v. Brunstorff*, 2014 WL 2002735, at *2 (D. Conn. May 15, 2014) ("Specifically, § 2255(f)(3) is unavailing because neither of the two recently issued Supreme Court rulings on which [Petitioner] relies, *Descamps* and *Alleyne*, recognized a new right that has been made retroactively applicable by the Supreme Court to cases on collateral review"); *Harr v. United States*, 2014 WL 1674085, at *3 (C.D. Illinois April 28, 2014) ("Most importantly, *Descamps* did not announce a new rule of law… In the *Descamps* opinion, the Supreme Court repeatedly used language to communicate that it was *clarifying* existing law and *reaffirming* clearly established Supreme Court precedent over the approach of a single Circuit Court… It is clear then that *Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the 9th Circuit Court of Appeal's departure from established Supreme Court case law. Therefore, *Descamps* cannot serve as a justification for the application of § 2255(f)(3)") (emphasis in original).

Lawrence argues that *Descamps* created a new right because it was not driven by precedent. (EFC No. 82 at 2-4). He claims that "*Taylor* did not definitely answer the question at issue in *Descamps*, namely, whether... a sentencing court may look beyond the statutory elements to 'the charging paper and jury instructions'" when the defendant is convicted under an indivisible statute that "criminalized a broader range of conduct than the generic offense." (EFC No. 82 at 3). The language of *Descamps* itself contradicts this argument. The *Descamps* Court held that, "Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case. In those decisions, as shown below, the modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps*, 133 S. Ct., at 2283. The Court

explicitly held that *Taylor* and *Shepard* created the legal framework within which *Descamps* was easily resolved.

Because *Descamps* did not create a newly recognized right, Lawrence cannot rely on that decision's date (June 20, 2013) as permitting a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255(f)(3).

**B. Whether Lawrence's Motion is cognizable**

To be cognizable on collateral review, an attack on a sentence must be based upon an unconstitutional sentence or a complete miscarriage of justice. *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (citing *Hill v. United States*, 368 U.S. 424 (1962)). Thus, even if Lawrence's Motion was timely, it is not cognizable because his sentence was neither unconstitutional nor a fundamental miscarriage of justice.

Whether the misapplication of the advisory Federal Sentencing Guidelines post-*Booker* constitutes a complete miscarriage of justice allowing for collateral attacks under 28 U.S.C. §2255 is currently being debated throughout the federal circuit courts. *Compare Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (holding "An error in the interpretation of merely advisory guidelines is less serious" than an error resulting in a sentence exceeding the statutory maximum), *with Whiteside v. United States*, 748 F.3d 541, 551 (4th Cir. 2014) (pending rehearing *en banc*) (holding erroneous application of the career offender enhancement is a fundamental miscarriage of justice).

In the instant case Lawrence pleaded guilty to two counts of bank robbery, violating 18 U.S.C. § 2113(a), which carries a maximum penalty of twenty years in prison. The court sentenced him to fourteen years imprisonment and three years of supervised release. (ECF No. 70 at 20-21). Rather than just relying on the guideline range, the court weighed the 18 U.S.C. § 3553(a) factors before imposing the sentence. (ECF. No. 81 at 6); (ECF No. 70 at 20). Lawrence's sentence was below the statutory maximum and the sentencing factors were considered. The sentence

imposed on Mr. Lawrence was neither unconstitutional nor a miscarriage of justice.

**C. Whether the Montana burglary statute is a "crime of violence"**

Even if Lawrence's Motion was timely and cognizable, it would fail on the merits because his prior 1989 conviction for violating Montana's burglary statute qualified as a "crime of violence" as defined in USSG § 4B1.2, thus qualifying as a career offender predicate offense.

The elements of a generic burglary are: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime. *Taylor*, 495 U.S., at 598. The Model Penal Code has a similar definition of burglary: "A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." Model Penal Code § 221.1(1). The applicable Montana burglary statute reads: "A person commits the offense of burglary if the person knowingly enters or remains unlawfully in an occupied structure and the person has the purpose to commit an offense in the occupied structure; or the person knowingly or purposely commits any other offense within that structure." Mont. Code Ann. §45-6-204(1)(a)-(b).

Lawrence argues that the Montana burglary statute is indivisible and broader than the generic offense because the Montana definition of "occupied structure" is too general: "'Occupied structure' means any building, vehicle, or other place suitable for human occupancy..." Mont. Code Ann. § 45-2-101(47). He contends that because the Montana burglary statute is indivisible and broader than the generic offense, his prior conviction should not have enhanced his 2006 sentence herein because his 1989 Montana conviction was not a "crime of violence" under the federal career offender provisions.

The construction of "occupied structure" makes Montana's burglary law a

classic divisible statute because when reading "burglary" and "occupied structure" together, a defendant may be guilty of burglary if he knowingly enters or remains unlawfully in an occupied structure, to wit, a building, or a vehicle, or other place suitable for human occupancy. Just because "occupied structure" is defined separate from the burglary statute does render the latter indivisible. What the Supreme Court made clear in *Taylor, Shepard,* and *Descamps* is that the key feature of a divisible statute is that its construction allows a sentencing court to examine only the relevant statutes, not facts, in determining whether a defendant pleaded guilty to a generic crime of violence.

Lawrence also argues that even though the Montana statute lists different types of occupied structures a defendant can be convicted of burglarizing, those structures are merely examples in a broad non-exhaustive list, not statutory elements. He analogizes the Montana law with the statute examined by the Fourth Circuit in *U.S. v. Cabrera-Umanzor*, 728 F.3d 347 (4th Cir. 2013); (ECF No. 82 at 12). There, the court analyzed a Maryland sexual offense statute which defined "sexual abuse" as "includ[ing], but [] not limited to ... [i]ncest, rape, or sexual offense in any degree." *Id.* at 353 (citing Md. Code, art. 27 § 35C (a)(ii)(1)). The court determined that these listed crimes "are not elements of the offense, but serve only as a non-exhaustive list of various means by which the elements of sexual molestation or sexual exploitation can be committed." *Id.* Here, "any building, vehicle, or other place suitable for human occupancy..." are not alternative examples in an otherwise infinite list of places falling under the "occupied structure" umbrella, but rather statutory elements at least one of which must be satisfied for a burglary conviction.

Because the Montana burglary statute is divisible and Lawrence pleaded guilty to its generic construction, the court did not err in sentencing him pursuant the guideline range outlined in USSG § 4B1.1. Lawrence qualified as a career offender at his 2006 sentencing because both his prior burglary and bank robbery convictions

were crimes of violence thus permitting an enhanced sentence guideline.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1.Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF. No 79) is **DENIED**.

2. The clerk of court shall close this file and close the companion civil case, CV-14-191-JLQ.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, and provide copies to the Defendant at his last-known address, and close both files.

DATED THIS 29th day August, 2014.

**s/ Justin L. Quackenbush**
**JUSTIN L. QUACKENBUSH**
**SENIOR UNITED STATES DISTRICT JUDGE**