UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM J. LAWRENCE,<br><br>　　　　Defendant. | NO. 2:06-CR-00036-JLQ<br><br>MEMORANDUM OPINION AND ORDER RE: MOTION TO VACATE |

　　BEFORE THE COURT is the Defendant's Motion to Vacate (ECF No. 100). Defendant seeks to vacate his sentence pursuant to 28 U.S.C. § 2255 and based on *Johnson v. U.S.*, 135 S. Ct. 2551 (2015). Defendant argued *Johnson* makes the residual clause of U.S.S.G. § 4B1.2(a) void for vagueness. He also argued this court should re-evaluate its findings at sentencing that he had two or more qualifying convictions in light of the current legal landscape and find his Burglary and Credit Union Robbery convictions are not currently crimes of violence. As a result, Defendant asserted he does not qualify as a career offender and should be re-sentenced without that enhancement applied to his Guideline Range.

　　In response, the Government conceded *Johnson* invalidated the residual clause of U.S.S.G. § 4B1.2(a), but opposed the Motion and requested a stay pending the Supreme Court decision in *Beckles v. U.S.*, No. 15-8544. (ECF No. 104).

ORDER - 1

Defendant, in his Reply brief, asserted this matter should not be stayed, incorporating briefs filed in two other cases: *U.S. v. Bacon*, No. 2:10-CR-00025-JLQ, and *U.S. v. Crause*, No. 2:10-CR-00040-JLQ. (ECF No. 105).

On March 6, 2017, the Supreme Court rendered its decision in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. U.S.*, — S. Ct. —, 2017 WL 855781 at *3 (March 6, 2017). The same day, Defendant filed a Notice which requested the court to wait 14 days before issuing a ruling on the Motion so counsel could discuss *Beckles* with her client. (ECF No. 108). That time has passed and no filing has been made.

The Motion to Vacate was submitted to this court for hearing without oral argument. This Order memorializes the court's rulings on this matter.

## I. Background

**A. Procedural History**

On April 11, 2006, a Criminal Complaint was filed alleging the Defendant, William J. Lawrence, took by force, violence, and intimidation approximately $2,572.00 from Horizon Credit Union. (ECF No. 1). On April 18, 2006, an Indictment was returned charging Defendant with two counts of Credit Union Robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 10). On August 22, 2006, Defendant pled guilty to both counts of the Indictment. (ECF No. 44).

On October 20, 2006, the court held a sentencing hearing wherein the court addressed Defendant's criminal history. At the time of sentencing, Defendant's criminal history included one Montana conviction for Burglary and one previous federal conviction for Credit Union Robbery.

Defendant objected to the Presentence Investigation Report which concluded Defendant's Burglary and Credit Union Robbery convictions constituted crimes of violence and made him a Career Offender under U.S.S.G. § 4B1.1. *See* (ECF No. 47).

ORDER - 2

Specifically, Defendant argued the Burglary conviction was not a crime of violence because no one was present in the home at the time, Defendant knew this fact, and these facts disqualified the conviction from being burglary of a "dwelling."

The court found the Burglary conviction was a crime of violence and found Defendant was a Career Offender by reason of the Burglary and Credit Union Robbery convictions. As a Career Offender, Defendant's Guideline Range was 155 to 188 months. The court imposed a sentence of 168 months incarceration. (ECF No. 58). The court also stated at the 2006 sentencing hearing:

> Sometimes there unfortunately are individuals where the only option I believe the Court should exercise is to lock certain individuals up for a substantial portion of the rest of their life, not just because of punishment but primarily to protect society. If we had individuals such as you, whether it's caused by drug use or injury, whatever it might be, running around the country robbing banks, putting people in terror, burglarizing homes, this society would be chaos. So in your case, not only must I determine what appropriate punishment is for you, but I also have to reflect upon the record, the record that you've now made. And that record would indicate that you are a danger to society.

(ECF No. 70 at 20).

Defendant filed a Notice of Appeal. (ECF No. 60). Defense counsel filed an *Anders* brief stating there are no grounds for relief and the Ninth Circuit affirmed the Judgment and sentence. *See* (ECF No. 73).

On June 16, 2014, Defendant filed a *pro se* Motion to Vacate (ECF No. 79) arguing the Supreme Court decision in *Descamps v. U.S.*, 133 S. Ct. 2276 (2013), created a newly recognized right retroactively applicable on collateral review which rendered his Career Offender enhancement void. (ECF No. 79).

On August 29, 2014, the court denied the *pro se* Motion, finding the Motion untimely because *Descamps* did not create a newly recognized right. (ECF No. 83 at 8); *see also*, *Ezell v. U.S.*, 778 F.3d 762 (9th Cir. 2015). Additionally, the court again found his Burglary conviction was a crime of violence. *See* (ECF No. 83 at 9-11). Defendant

ORDER - 3

appealed the denial of the Motion. (ECF No. 84). This court and the Ninth Circuit declined to grant a certificate of appealability. *See* (ECF No. 92); (ECF No. 94).

On August 19, 2016, the Ninth Circuit granted Defendant leave to file this sucessive petition under 28 U.S.C. § 2255. (ECF No. 102).

**B.**   *Johnson v. U.S.*

In *Johnson*, the Supreme Court considered whether "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (also known as the "residual clause") in the Armed Career Criminal Act of 1984 ("ACCA") was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555. For a defendant with three qualifying convictions, the ACCA increased the mandatory minimum period of incarceration to 15 years which is above the otherwise applicable statutory maximum. *See* 18 U.S.C. § 924(e)(1). Although the residual clause had been upheld by four prior decisions, in *Johnson*, the Supreme Court found the residual clause was void for vagueness. In finding the residual clause of the ACCA void for vagueness, the Supreme Court also stated other laws containing "substantial risk," "grave risk," and "unreasonable risk" were not automatically void for vagueness based on the holding in *Johnson*. *See* (*id*. at 2561).

In 2016, the Supreme Court held the rule announced in *Johnson* is a substantive decision that has retroactive effect in cases on collateral review. *Welch v. U.S.*, 136 S. Ct. 1257, 1268 (2016). In *Welch*, the Supreme Court found declaring the residual clause of the ACCA void for vagueness "changed the substantive reach" of the ACCA because before *Johnson* defendants who had convictions found to be violent felonies under the residual clause "faced 15 years to life in prison" while "[a]fter *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison." (*Id*.). *Johnson* did not constitute a procedural rule because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should

ORDER - 4

be sentenced under the Armed Career Criminal Act." (*Id.*). "*Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." (*Id.*).

**C.**     ***Beckles v. U.S.***

Left open by the *Johnson* and *Welch* decisions was whether the similarly worded residual clause in U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" was valid. The issue caused a circuit split. Most circuits applying *Johnson* to U.S.S.G. § 4B1.2(a) accepted the Government's concession of the issue and did not independently analyze the constitutional underpinnings of *Johnson* as applied to the United States Sentencing Guidelines. *See U.S. v. Maldonado*, 636 Fed. Appx. 807, 810 (2d Cir. 2016); *U.S. v. Townsend*, 638 Fed. Appx. 172, 178 n.14 (3d Cir. 2015); *U.S. v. Taylor*, 803 F.3d 931 (8th Cir. 2015). The Eleventh Circuit found *Johnson* does not apply to the advisory United States Sentencing Guidelines because they are not susceptible to constitutional vagueness challenges. *See U.S. v. Matchett*, 802 F.3d 1185 (11th Cir. 2015); *see also*, *U.S. v. Gonzalez-Longoria*, --- F.3d ---, 2016 WL 4169127 at \*\*6-11 (5th Cir. August 5, 2016) (Jones, J., concurring). Some circuits found the United States Sentencing Guidelines susceptible to vagueness challenges and applied *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a). *See U.S. v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016); *U.S. v. Pawlak*, 822 F.3d 902 (6th Cir. 2016); *U.S. v. Madrid*, 805 F.3d 1204, 1210-12 (10th Cir. 2015).

On June 27, 2016, the Supreme Court granted a *writ of certiorari* in *Beckles v. U.S.*, No. 15-8544. The questions presented were:

(1)     Whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause of U.S.S.G. § 4B1.2(a)(2)?

(2)     Whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?

ORDER - 5

     (3)     Whether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after *Johnson*?

*See* https://www.supremecourt.gov/qp/15-08544qp.pdf. Oral argument was heard on November 28, 2016.

In light of the questions presented in *Beckles*, many courts stayed proceedings involving the question of whether *Johnson* applies to U.S.S.G. § 4B1.2(a). *See, e.g.*, *In re: Embry*, 831 F.3d 377 (6th Cir. 2016); *Blow v. U.S.*, 829 F.3d 170 (2d Cir. 2016); *Brown v. U.S.*, No. 16-CV-61287-BLOOM/Valle, 2016 WL 4035005 (S.D. Fla. July 28, 2016); *Hardemon v. U.S.*, Nos. 16-61271-CIV-COHN-WHITE and 03-60245-CR-COHN, 2016 WL 4029697 (S.D. Fla. July 26, 2016).

On March 6, 2017, the Supreme Court issued its decision in *Beckles*, rejecting the Government's concession that *Johnson's* constitutional holding applied to the similarly worded United States Sentencing Guidelines. *See Beckles*, 2017 WL 855781 at *3. The Supreme Court found the United Sentencing Guidelines are categorically immune from vagueness challenges:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

(*Id*. at *6); *accord*, *U.S. v. Bacon*, No. CR-10-025-JLQ, 2016 WL 6069980 (E.D. Wash. October 14, 2016).

## II.    Discussion

A prisoner serving a sentence imposed by a federal court "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The permissible grounds for a motion brought pursuant to 28 U.S.C. § 2255 are "that the sentence was imposed in violation of the Constitution or laws of the United

ORDER - 6

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under 28 U.S.C. § 2255 should only be granted where the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" and presents "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. U.S.*, 417 U.S. 333, 346 (1974) (quoting *Hill v. U.S.*, 368 U.S. 424, 428 (1962)).

A motion under 28 U.S.C. § 2255 may be denied as procedurally defaulted if the claim presented in the motion was not raised on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). However, a defendant may overcome procedural default by showing "cause and prejudice." (*Id.*); *see U.S. v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (including "actual innocence" as an exception to the exhaustion requirement). Cause "must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). For example, cause is shown by "interference by officials" or "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotation marks and citation omitted).

To establish prejudice, a petitioner bears the burden of proving the alleged errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also*, *U.S. v. Dean*, 169 F. Supp. 3d 1097, 1101 (D. Or. 2016) ("To warrant relief, a petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."). Showing an alleged error "created a *possibility* of prejudice" is insufficient. *Frady*, 456 U.S. at 170. This standard is "significantly greater than that necessary under 'the more

ORDER - 7

vague inquiry suggested by the words clear error.'" *Murray v. Carrier*, 477 U.S. 478, 493-94 (1986).

However, "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way 28 U.S.C. § 2255." *U.S. v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Thus, alleged sentencing errors "that were not raised on appeal and that do not implicate constitutional concerns are waived." (*Id.*) (Citing *Evenstad v. U.S.*, 948 F.2d 1154 (9th Cir. 1992)).

Additionally, a motion to vacate brought under 28 U.S.C. § 2255 must be brought within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The parties in this matter agreed *Johnson* and the constitutional rationale expressed therein applies to the similarly-worded definition of "crime of violence" in U.S.S.G. §4B1.2(a). However, the court "is not bound to accept a concession when the point at issue is a question of law." *Deen v. Darosa*, 414 F.3d 731, 734 (7th Cir. 2005). This court was not inclined to accept the concession, which is the same course of action the Supreme Court took in *Beckles*.

Before *Beckles*, Ninth Circuit precedent in no way permitted relief under *Johnson*. *Reina-Rodriguez* had no bearing on the issues presented by *Johnson* or *Beckles*. In *Reina-Rodriguez*, the Ninth Circuit addressed whether *U.S. v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc) (holding the modified categorical approach must be used to determine whether "dwelling" in Utah meets the concept of "dwelling" as incorporated in the United States Sentencing Guidelines), should be applied retroactively to Reina-Rodriguez. *Reina-Rodriguez*, 655 F.3d at 1187. In applying the rule of *Grisel* retroactively, the Ninth Circuit found *Grisel* constituted a new rule "[b]ut it is not a new *constitutional* rule, since it does not implicate constitutional rights." (*Id.* at 1188) (emphasis in original).

ORDER - 8

As *Reina-Rodriguez* did not present any constitutional rule of law, it was clearly inapposite and had no bearing on the constitutional issues presented by *Johnson*. At most, *Reina-Rodriguez* reinforced the principle that the Ninth Circuit has interpreted provisions of the ACCA and United States Sentencing Guidelines identically. However, this principle, while true, did not resolve the issue of whether *Johnson* and the due process rationale therein should be applied to the United States Sentencing Guidelines. *See U.S. v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) ("We make no distinction between 'violent felony' in ACCA and 'crime of violence' in §4B1.2(a)(2) for purposes of interpreting the residual clauses... [b]ut we have not yet considered whether the due process concerns that led *Johnson* to invalidate the ACCA residual clause as void for vagueness are equally applicable to the Sentencing Guidelines").

Most tellingly, the Ninth Circuit had three opportunities to determine whether *Johnson* applied to the United States Sentencing Guidelines. *See*, *U.S. v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016); *U.S. v. Lee*, 821 F.3d 1124, 1127 (9th Cir. 2016); *Willis*, 795 F.3d at 996. If *Reina-Rodriguez* were controlling, the Ninth Circuit would not have declined in those three cases to state the obvious conclusion. Indeed, *Reina-Rodriguez* was not cited in *Beckles*, further demonstrating its lack of relevance to any of the issues present in *Johnson* or *Beckles*.

Before *Beckles* was decided, there was no relief warranted under *Reina-Rodriguez* or any other binding precedent. Because Defendant's Motion hinges on U.S.S.G. § 4B1.1(a)(2)'s residual clause being unconstitutionally vague, *Beckles* forecloses any relief to Defendant.

Even if *Beckles* had been decided differently, the Motion would still lack merit because the residual clause was never implicated in this court's findings at sentencing. Defendant presented no basis whereby this court should have revisited its findings. In

ORDER - 9

essence, Defendant presented a claim under *Descamps v. U.S.*, 133 S. Ct. 2276 (2013), but that case is not retroactively applicable. *See Ezell v. U.S.*, 778 F.3d 762 (9th Cir. 2015).

**IT IS HEREBY ORDERED**:

The Motion to Vacate Sentence and for Resentencing (ECF No. 100) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

Dated April 7, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 10